HAWKINS, Circuit Judge,
concurring:
Michael Laursen stands convicted of the “use” of a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct and is currently serving the fifteen-year mandatory minimum sentence the statute requires. The photos in question were taken in the course of an ill-advised, but perfectly legal, relationship Laursen had with a young woman above the age of consent under Washington law. The record shows no evidence that Laursen distributed, transferred or otherwise displayed the images to anyone outside that relationship. In this respect, his situation is no different than the thousands of similar photos taken everyday by seventeen-year-old college students engaged in intimate, consensual relationships. The government admits the theory of prosecution here could be used to prosecute anyone snapping a photo showing consenting individuals engaged in intimacy.
This is where I differ from my friends in the majority. To prevent the statute from being overbroad and unconstitutionally vague, I would adopt a narrower construction of the term “uses” in the statute. The government’s construction implies that one “uses” the minor much as one “uses” a camera to take the photograph, and their *1037 mere presence in the photo could suffice. As the majority acknowledges, “uses” has a number of meanings in ordinary language. To me, the one most likely applicable here is: “to take unfair advantage of; exploit.” Use, Dictionary.com, http:// dictionary.reference.com/browse/use (last visited December 13, 2016); see also American Heritage Dictionary College Edition 1331 (2nd ed. 1991) (“to exploit for one’s own advantage or gain”). Although I agree with the majority that “a word is known by the company it keeps,” Flores, 729 F.3d at 915, in my view, the rest of the terms in the statute — employs, persuades, induces, entices or coerces — suggest that the defendant must have exerted some sort of improper influence on the minor for the purpose of producing the visual depiction of sexual conduct.
Whether that something more has been shown here is where I agree with my colleagues. At the time of the relationship, Laursen was forty-five years old and J.B. was only sixteen. While she was above the legal age of consent, this very significant age difference, combined with the other facts of this case — including her vulnerability from an already abusive relationship with her relatives, and evidence demonstrating that Laursen convinced J.B. that he was her “hero” and “mentor,” all the while providing her with drugs and moving her from motel room to motel room and into the homes and bedrooms of strangers — provides sufficient indicia of a coercive or exploitative element to satisfy even the more narrow definition of “uses” I propose here.
Thus, I would require the government to show some “taking unfair advantage of’ the minor to establish “uses” under this statute (where no other statutory element is present), but otherwise I concur in affirming Laursen’s conviction and sentence on the facts of this case.